UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SOLOMON GROGEN (DOC #126336)

VERSUS                                          CIVIL ACTION

DENNIS GRIMES, ET AL                            NUMBER 12-242-BAJ-SCR


## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 4, 2012.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

SOLOMON GROGEN (DOC #126336)

VERSUS                                  CIVIL ACTION

DENNIS GRIMES, ET AL                    NUMBER 12-242-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed by of defendant Warden Dennis Grimes.   Record document number 12.  The motion is not opposed.

Pro se plaintiff, an inmate currently confined in Caldwell Correctional Center, Grayson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Prison Warden Dennis Grimes, East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, deputy Rideau, Dr. Bridges, Medical Health Manager Linda Ottesen and nurse Bradley.  Plaintiff alleged that he was subjected to an excessive use of force and he was denied adequate medical treatment in violation of his constitutional rights.  Plaintiff sought compensatory damages.

Warden Grimes moved to dismiss for failure to state a claim upon which relief can be granted.

## I. Factual Allegations

Plaintiff alleged that on December 19, 2011, Dy. Rideau

subjected him to an excessive use of force.[1]  Specifically, the plaintiff alleged that Dy. Rideau choked him, brought him down to the floor, handcuffed him and began punching him in the rib cage breaking two of his ribs.

Plaintiff alleged that following the incident he was examined by nurse Bradley and given ibuprofen for pain.  Plaintiff alleged that nurse Bradley refused to send him to a hospital for further treatment.  Plaintiff alleged that Dr. Bridges came into the examination room and stated that the plaintiff would have x-rays taken the next day and then walked out of the room without conducting any further examination.

Plaintiff alleged that Ottesen and Warden Grimes denied his request for administrative relief regarding the denial of adequate medical treatment.

## II. Applicable Law and Analysis

### A. Motion to Dismiss

#### 1. Motion to Dismiss Standard

Warden Grimes moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule

---

[1] Although the plaintiff alleged that the incident occurred on December 19, 2012, he later clarified that the incident took place in 2011.

12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of

misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

## 2. Denial of Administrative Grievance

Plaintiff alleged that following the incident he filed an administrative grievance complaining about the alleged excessive use of force and inadequate medical treatment. Plaintiff alleged that Warden Grimes denied him relief through the administrative grievance procedure.

The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level. Plaintiff does not have a constitutional right to a favorable response to his administrative grievance.

## 3. Respondeat Superior

Insofar as the plaintiff's complaint can be read to allege that Warden Grimes is responsible for the actions of his subordinates, the claim is without merit.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegation that Warden Grimes is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### B. Frivolous Dismissal

#### 1. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.

1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D.La. 1985).

## 2. Deliberate Indifference

Plaintiff alleged that nurse Bradley and Dr. Bridges were deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleged that following the incident he was examined by nurse Bradley and given ibuprofen for pain. Plaintiff alleged that nurse Bradley refused to send him to a hospital for further treatment.  Plaintiff alleged that Dr. Bridges came into the examination room and stated that the plaintiff would have x-rays taken the next day and then walked out of the room without conducting any further examination.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d

320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's dissatisfaction with the medical treatment rendered is not sufficient to allege a constitutional violation.

### 3. Denial of Administrative Grievance

Plaintiff alleged that following the incident he filed an administrative grievance complaining that he was denied adequate medicate treatment. Plaintiff alleged that Medical Health Manager Ottesen denied his request for relief through the administrative grievance procedure.

Plaintiff alleged that he sought review of the denial of his Administrative Remedy Procedure to Sheriff Gautreaux. Plaintiff alleged that he received no response.

The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level. Plaintiff does not have a constitutional right to a favorable response to his administrative grievance.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the defendant Warden Dennis Grimes' Motion to Dismiss be granted and the claims against him be dismissed.

It is further recommended that the claims against Sheriff Sid

7

J. Gautreaux, III, Dr. Bridges, Linda Ottesen and nurse Bradley be dismissed be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.  It is further recommended that and this matter be referred back for further proceedings on the plaintiff's excessive use of force claim against deputy Rideau.

Baton Rouge, Louisiana, September 4, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE